Consumer Credit Code — Notification — Fees Where the Consumer Credit Code became effective on July 1, 1969, and section 14A O.S. 6-203 [14A-6-203] provides for collection of notification fees on January 31, 1970, based on unpaid balances made in the preceding calendar year, the administrator must collect such notification fees for entire calendar year when to provision for proration of such fees has been provided by the Legislature. The Attorney General has had under consideration your recent letter wherein you state that Section 6-203 of the Consumer Credit Code provides for additional "Notification Fee" of $10.00 per $100,000.00 of the original paid balances of credit extended in Oklahoma within the preceding calendar. You then ask: "As the Uniform Consumer Credit Code was enacted by the Legislature, it became effective July 1, 1969. The question now arises, what authority does the law give to base the fee on the period beginning January 1, 1969 through December 31, 1969? Or should the fee be determined from the period beginning July 1, 1969 through December 31 1969?" The Uniform Consumer Credit Code, H.B. No. 1001, 32nd Oklahoma Legislature, First Session, now codified as 14A O.S. 1-101 [14A-1-101] (1969) seq., provides in Section 14A O.S. 6-203 [14A-6-203]: "(1) A person required to file notification shall on or before January 31 of each year pay to the Administrator an annual fee of Ten Dollars ($ 10.00) for that year. "(2) Persons required to file notification who are sellers, lessors, or lenders shall pay an additional fee at the time and in the manner stated in subsection (I) Ten Dollars ($10.00) for each One Hundred Thousand Dollars ($ 100,000.00), or part thereof, in excess of One Hundred Thousand Dollars ($ 100,000.00), of the original unpaid balances arising from consumer credit sales, consumer leases, and consumer loans made in this State within the preceding calendar year and held either by the seller, lessor, or lender for more than thirty (30) days after the inception of the sale, lease, or loan giving rise to the obligation, or by an assignee who has not filed notification. A refinancing of a sale, lease, or loan resulting in an increase in the amount of an obligation is considered a new sale,, lease, or loan to the extent of the amount of the increase. "(3) Persons required to file notification who are assignees shall pay an additional fee at the time and in the manner stated in sub-section (I) of Ten Dollars ($ 10.00) for each One Hundred Thousand Dollars ($ 100,000.00), or part thereof of the unpaid balances at the time of the assignment of obligations arising from consumer credit sales, consumer leases. and consumer loans made in this State taken by assignment during the preceding calendar year, but an assignee need not pay a fee with respect to an obligation on which the assignor or other person has already paid a fee." (Emphasis added) The other provisions of the Code relating to licensing fees to be collected by Administrator are contained in Section 14A O.S. 3-503 [14A-3-503], as follows: "(I) Application for a license shall be under oath, shall give the approximate location from which the business is to be conducted, and shall contain such relevant information as the Administrator may require. When making application for one or more licenses, the applicant shall pay Two Hundred Dollars ($200.00) to the Administrator as an investigation fee and One Hundred Dollars ($100.00) for each license as the annual fee provided in this part for the current calendar year, provided if a license is granted after June 30, in any year, such fee shall be Fifty Dollars ($50.00) for that year." Of these two sections, Section 14A O.S. 3-503 [14A-3-503] provides for a proration of fees and Section 6-203 does not. The Legislature is presumed to have expressed its intent in the statute, intended what it expressed and nothing more. Oliver v. Oklahoma Alcoholic Beverage Control Board, Okl. 359 P.2d 183. In the syllabus of Seventeen Hundred Peoria, Inc., v. City of Tulsa, Okl.422 P.2d 840, the Supreme Court of Oklahoma held: "The rule of construction of statutes and ordinances, to which all other rules are subordinate, is to ascertain the intention of the enacting body, and this should ordinarily be done by consideration of the statute or ordinance, and the courts should not read into a statute exceptions not made therein." It is the opinion of the Attorney General that in the absence of any statutory proration of the fees required to be collected, you should collect the notification fee for the entire preceding calendar year. (Duane Lobaugh)